**UNITED STATES of America,**
**Plaintiff,**

v.

**THIRD NATIONAL BANK IN NASH-**
**VILLE and Nashville Bank and Trust**
**Company, Defendants.**

Civ. No. 3849.

United States District Court
M. D. Tennessee,
Nashville Division.

Sept. 24, 1964.

James L. Minicus, Charles A. Degnan, and Robert C. Weinbaum, Department of Justice, Washington, D. C., for plaintiff.

Frank M. Farris, Jr., of Farris, Evans & Evans, Edwin F. Hunt and Reber Boult, of Boult, Hunt, Cummings & Conners, Henry W. Hooker and John J. Hooker, Jr., of Hooker, Hooker & Willis, Nashville, Tenn., for defendants.

James J. Saxon, Comptroller of the Currency, pro se, Treasury Department, Washington, D. C., for intervenor.

WILLIAM E. MILLER, Chief Judge.

The Comptroller of the Currency has filed a motion for an order permitting him to intervene as a party defendant in the action. He insists, first, that intervention exists as of right under Rule 24 (a) (2) of the Federal Rules of Civil Procedure and, in the alternative, that the motion should be granted pursuant to the permissive intervention provisions of Rule 24(b) (2).

The pertinent language of Section 24(a) (2) is as follows:

"(a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: * * * (2) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action." F.R.Civ.P. 24(a) (2).

In order to sustain the right to intervene under this section, the Comptroller would be required to demonstrate that he has a proper "interest" in the subject matter of the action, and in addition, that the representation of such interest by existing parties is or may be inadequate. The Court is convinced that neither condition has been satisfied and that the Comptroller's intervention cannot be sustained as a matter of right.

The Comptroller approved the merger of the Third National Bank in Nashville and Nashville Bank and Trust Company in a detailed opinion, pursuant to his authority under the Bank Merger Act of 1960, 12 U.S.C.A. § 1828(c). His contention is that if the plaintiff successfully pursues its complaint to its conclusion, this statutory authority will be nullified, or as he puts it "frustrated and defeated." The argument necessarily presupposes that the Bank Merger Act

of 1960 and the antitrust statutes, under the authority of which the plaintiff brings the action against the defendant banks, cannot co-exist, a theory which appears clearly to have been rejected by the Supreme Court in United States v. Philadelphia National Bank, 374 U.S. 321, 83 S.Ct. 1715, 10 L.Ed.2d 915:

"Nor did Congress, in passing the Bank Merger Act, embrace the view that federal regulation of banking is so comprehensive that enforcement of the antitrust laws would be either unnecessary, in light of the completeness of the regulatory structure, or disruptive of that structure. On the contrary, the legislative history of the Act seems clearly to refute any suggestion that applicability of the antitrust laws was to be affected." 374 U.S. at 352, 83 S.Ct. at 1735.

"The fact that the banking agencies maintain a close surveillance of the industry with a view toward preventing unsound practices * * * does not make federal banking regulation all-pervasive." 374 U.S. at 352, 83 S.Ct. at 1736.

That the Bank Merger Act of 1960 did not affect the applicability of the Clayton Act to bank mergers is made explicit by the Court in the following language:

"It should be unnecessary to add that in holding as we do that the Bank Merger Act of 1960 does not preclude application of § 7 of the Clayton Act to bank mergers, we deprive the later statute of none of its intended force. Congress plainly did not intend the 1960 Act to extinguish other sources of federal restraint of bank acquisitions having anticompetitive effects." 374 U.S. at 354, 83 S.Ct. at 1737.

As a result of the holding in Philadelphia, it would appear that there are two separate and distinct hurdles which must be cleared before consummation of a bank merger, concededly an occurrence often having widespread implications involving the public interest. First, merging banks must apply for and obtain approval from the Comptroller in accordance with his statutory authority to approve or disapprove mergers when the resulting bank is a national bank. Seven specific factors are enumerated in the Bank Merger Act which the Comptroller is required to evaluate in reaching his final decision. It is true that one of such factors which the Comptroller must consider is the effect of the proposed merger upon competition, but there is nothing in the statute indicating that the Comptroller is required to determine in a legal sense whether the proposed merger will be violative of the antitrust statutes. His function is to decide whether the merger will subserve the public interest after appropriately evaluating and considering all of the criteria specified in the statute, a range of inquiry in total effect much broader than the narrow issue of an antitrust violation.

When a bank merger has been disapproved by the Comptroller, no question arises for consideration by the Department of Justice under the antitrust statutes, but when the merger meets with the Comptroller's approval after consideration of the statutory standards, the Department of Justice still has the right and indeed the duty to challenge the merger under the antitrust statutes, if it is deemed that they have been or will be violated by the consummation of the merger. Under Section 7 of the Clayton Act the only consideration is whether the merger substantially lessens competition or tends to create a monopoly. The issue thus presented is confined to the anticompetitive effect of the merger, or whether the merger will be violative of the Clayton Act. On the other hand, under the Bank Merger Act of 1960, the issue is whether the merger should be approved as being in the over-all public interest based upon a variety of economic factors and considerations which the Comptroller is required to consider.

It is obvious that a factual situation could exist which would warrant the Comptroller of the Currency in approving a proposed merger under the broad provisions of the Bank Merger Act, which would at the same time require condemnation of the merger when tested under the specific terms of the antitrust statutes. While the issues involved under the statutes are to some extent overlapping, they are not identical. The Comptroller is charged with the duty of either approving or disapproving the merger depending upon the weight and value which he gives to many considerations not related to competition, while the courts under the antitrust statutes are concerned with the narrow issue of competition alone.

It was apparently these or similar reasons which led the Supreme Court in the Philadelphia case to hold that the statutes have separate functions which coexist and complement each other, and it follows that the Comptroller's contention that a successful action under the antitrust statutes would tend to nullify his statutory authority under the Bank Merger Act of 1960 is not well taken. His authority was fully exercised and his responsibility fully discharged when he granted his approval of the merger. It is the responsibility of the courts in an action properly brought by the government acting through the Department of Justice to determine whether the merger, notwithstanding the fact that it has received the approval of the Comptroller, must be condemned as being in violation of the antitrust statutes.

■ The Court therefore concludes that the Comptroller, having fully exercised his statutory authority and duty, has no interest in the subject matter of the present action. For that reason alone he is not entitled to intervene as of right under Rule 24(a) (2).

The alternative position of the Comptroller is that the provisions of Rule 24 (b) (2) of the Federal Rules of Civil Procedure apply and that his intervention should be allowed permissibly. The pertinent language of this subsection is as follows:

"When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency upon any regulation, order, requirement, or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action."

■ It is not understood that the defendants rely upon the Comptroller's order approving the merger as a legal defense, as such, in this antitrust litigation, although they do insist that the Comptroller's decision on the competitive effect of the merger should be given considerable weight by the Court. But assuming without deciding that the requirement of "ground of * * * defense" has been met in the present action, intervention is still a matter within the sound discretion of the Court and may be denied even though the intervenor has met the technical requirements of the Rule. 4 Moore's Federal Practice, Sec. 24.10(5) at pp. 64–66, and Cumulative Supplement 1963 at p. 22, and the authorities cited therein.

■ The presence of the Comptroller in the action as a party defendant is not deemed necessary to place before the Court his views on the question of the competitive effect of the merger. As pointed out by the Court in its memorandum denying the plaintiff's application for a preliminary injunction, the Comptroller carefully and in great detail articulated in a memorandum or opinion his findings and conclusions and the reasons therefor bearing upon the question of competition. Such findings were of material assistance to the Court in arriving at its decision to deny the application for a preliminary injunction. They are a part of the record in the action and it is difficult to see what more

the Comptroller could say in justification of his decision. Moreover, the defendant banks, represented by able and competent attorneys, have the strongest of reasons and motives to bend every effort to resist the government's case and to support the merger as against the contention that it is in conflict with the antitrust statutes. There can be no doubt that the defendants' contention that the merger is not violative of the antitrust statutes can be vigorously and adequately represented without the necessity of the Comptroller's intervention. The Court therefore considers it to be a sound exercise of the discretion conferred by Rule 24(b) (2) to deny the proposed intervention.

█ The fact that the plaintiff now seeks divestiture relief in this action and that effectuation of such relief may require certain action calling for approval of the Comptroller under the National Banking Laws is not a sufficient reason to permit the Comptroller to intervene. If such divestiture should ultimately be ordered by the Court, the order would be, as pointed out by the plaintiff, directed to the defendants, requiring them to take the necessary steps to restore "the separate identities of the two merged banks." If it was necessary to invoke action of the Comptroller, it cannot be assumed that he would arbitrarily or unreasonably withhold approval of steps necessary to effectuate the relief which the Court considered necessary to avoid a violation of the antitrust laws. In any event, if it is necessary to have the Comptroller before the Court in order to effectuate relief or to provide an appropriate remedy, he can be made a party to the action when and if that contingency arises.

Finding no basis in law or in fact for the presence of the Comptroller in the action as a party at this time, his motion to intervene will be denied. An order to this effect has been approved by the Court on this date and passed to the Clerk for filing.